IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES RIFFIN, | * | |
| *Pro Se* Plaintiff, | * | |
| v. | * | Civil Action No. RDB-07-1623 |
| RAYMOND S. WISNOM, JR., *et al.*, | * | |
| Defendants. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM OPINION

This lawsuit is one of a series of cases between the Plaintiff, James Riffin ("Riffin"), and Baltimore County, Maryland ("the County") regarding Riffin's operation of a railway and maintenance of a rail carrier facility in Cockeysville, Maryland.  Riffin filed this particular lawsuit against Raymond S. Wisnom, Jr. ("Wisnom"), in his capacity as a Baltimore County Code Enforcement Hearing Officer, and the County's Department of Permits and Development Management ("DPDM") (collectively, "Defendants"), seeking to enjoin the Defendants from enforcing a $20,000 penalty against him for violations of the Baltimore County Code.  Pending before this Court are the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Paper No. 6) and the Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Paper No. 2).  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the following reasons, the Defendants' Motion to Dismiss is GRANTED, as the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order is DENIED as moot.

BACKGROUND

Plaintiff James Riffin is a federally licensed Class III rail carrier and has been

constructing a railroad maintenance-of-way facility in Cockeysville, Maryland, a city in

Baltimore County.  On April 12, 2007, he received a Baltimore County Uniform Code

Enforcement Citation ("the Citation") charging him with violations of sections 33-5-103 and

33-5-108 of the Baltimore County Code for failing to obtain the necessary permits for his

construction project.  (Compl. ¶ 5.)  A hearing was held on May 2, 2007, before the Code

Enforcement Hearing Officer for the Department of Permits and Development Management,

Raymond S. Wisnom, Jr.  (*See* Compl. Ex. A.)

Riffin filed a Notice of Removal with this Court on May 10, 2007, arguing that regulation

over his facility was completely preempted by 49 U.S.C. § 10501(b).  That case was captioned

*Baltimore County, Maryland v. Riffin* and was assigned a case number RDB-07-cv-1229.  On

May 11, 2007, Riffin personally served a copy of his Notice of Removal on Paul Mayhew,

counsel for the County, Wisnom, and Kevin Sharbonda, the Code Enforcement Officer who had

signed the Citation.  (Compl. ¶ 7.)  On May 17, 2007, Wisnom issued a Final Order containing

findings of fact and conclusions of law which required Riffin to pay a penalty of $20,000 by

June 20, 2007.  (Compl. Ex. A.)

Riffin filed the Complaint in the instant action in this Court along with a Motion for

Preliminary Injunction and Temporary Restraining Order on June 19, 2007, seeking to enjoin

enforcement of the penalty on the grounds that his filing of a Notice of Removal precluded

Wisnom from issuing the Final Order under 28 U.S.C. § 1446(d).  Count One of the Complaint

seeks injunctive relief against Wisnom and Count Two seeks injunctive relief against the

County.  Both Counts ask that the Final Order be rescinded and that the underlying Baltimore

County Code Enforcement proceeding be halted unless the case Riffin removed to this Court is

remanded.  On August 14, 2007, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure or, in the alternative, for Summary Judgment.  (Paper

No. 6.)

STANDARD OF REVIEW

Defendants seek to dismiss Riffin's action pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure.  In reviewing the Complaint, the Court accepts all well-pleaded allegations as

true and construes the facts and reasonable inferences derived therefrom in the light most

favorable to the Plaintiff.  *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005);

*Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*,

7 F.3d 1130, 1134 (4th Cir. 1993).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires

only a "short and plain statement of the claim showing that the pleader is entitled to relief."

*Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also*

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only

satisfy the "simplified pleading standard" of Rule 8(a)).  The Supreme Court recently noted that

a complaint need not assert "detailed factual allegations" but must contain "more than labels and

conclusions" or a "formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v.*

*Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  The Court further held that "once a claim has been

stated adequately, it may be supported by showing any set of facts consistent with the allegations

in the complaint."  *Id*. at 1969.  Thus, a complaint need only state "enough facts to state a claim

to relief that is plausible on its face."  *Id*. at 1974.

DISCUSSION

Defendants Raymond S. Wisnom, Jr., and DPDM have moved to dismiss Riffin's

Complaint for failure to state a claim upon which relief can be granted.  Defendants essentially

argue that the injunctive relief sought has already been granted, because the County voluntarily

agreed to stay enforcement proceedings at the County level until this Court ruled on its motion to

remand in case RDB-07-cv-1229 (Paper No. 5 in that case).  (Defs.' Mot. Dismiss ¶¶ 3-4.)

As noted in correspondence with this Court, DPDM instructed the Baltimore County

Budget Office to abate the $20,000 civil penalty on July 5, 2007.  (Paper No. 3.)  This Court then

granted the County's motion to remand in case RDB-07-cv-1229 on October 4, 2007 (Paper

No. 9 in RDB-07-cv-1229).  Thus, Riffin's current claims for injunctive relief have already been

resolved, because the penalty was abated and the case was remanded to the Hearing Officer for

DPDM.  Accordingly, Defendants' Motion to Dismiss is GRANTED and Plaintiff's Motion for

Preliminary Injunction and Temporary Restraining Order is DENIED as moot.

CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss, or in the Alternative, for

Summary Judgment is GRANTED.  In addition, Plaintiff's Motion for Preliminary Injunction

and Temporary Restraining Order is DENIED as moot.  A separate Order follows.


/s/
Richard D. Bennett
United States District Judge

Date: November 6, 2007